In re Watson, Willie Jr.; Applying for STAY OF EXECUTION, SUPERVISORY WRITS & WRIT OF HABEAS CORPUS; Parish of St. Charles 29th Judicial District Court Div. “D” Number 81-069.
Denied.
DENNIS, J., would grant the application for the reasons stated in the attached opinion.
DENNIS, Justice,
would grant the application.
Applicant, Willie Watson, asks for a stay of execution of his death sentence pending disposition of the petition of certiorari granted by the United States Supreme Court in Lowenfield v. Phelps, et al, - U.S. -, 107 S.Ct. 3227, 96 L.Ed.2d - (1987). One of the issues raised by Watson’s application is essentially the same that the United States Supreme Court has granted certiorari to review in Lowenfield: “Whether the sentencing scheme by which petitioner faces death, based on a sole statutory aggravating circumstance that merely repeats an element of the crime, violates the Eighth Amendment requirement that sentencer discretion be directed and limited so as to minimize the risk of arbitrary and capricious execution?” Id. In Watson’s case two aggravating circumstances were found by the jury as elements of the crime at the guilt phase: that he was engaged in the perpetration of an aggravated rape and an armed robbery. State v. Watson, 423 So.2d 1130 (La.1982). In Watson’s most recent penalty trial the jury found the same two aggravating circumstances and the additional one that the offender had a significant prior history of criminal activity. State v. Watson, 449 So.2d 1321 (La.1984). However, the aggravating circumstance that an offender has a significant prior history of criminal activity has been declared unconstitutional by this court. State v. David, 468 So.2d 1126 (La.1984). Thus, the only constitutional basis for Watson’s death sentence consists of two aggravating factors which duplicate two elements of the substantive crime of which he was convicted. This raises the same question which the United States Supreme Court granted certiorari to review in Lowenfield: does a capital sentence scheme which tends merely to duplicate the function of the substantive crime definition in distinguishing death eligible offenders from other offenders violate the Eighth Amendment? (The present case is therefore distinguishable from the case of State ex rel. Celestine v. Butler, 508 So.2d 836, in which a death sentence was executed very recently following a refusal of a stay by the United States Supreme Court. In Celestine the jury in the penalty trial found at least one aggravating circumstance that did not merely repeat an element of the basic crime, viz., that the offense had been committed in an especially cruel manner. State v. Celestine, 443 So.2d 1091 (La. 1983).) Because of the possibility that the United States Supreme Court’s decision in Lowenfield may require that Watson’s death sentence be set aside, the applicant obviously has met his burden of demonstrating irreparable harm if his application for a stay is not granted. Accordingly, the stay of execution of the death sentence should be granted pending a further order of this court.